# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# EASTERN DIVISION

**AMERICAN DECORATIVE FABRICS, LLC**           **PLAINTIFF/
COUNTER-DEFENDANT**

**V.**          **CASE NO. 1:03CV646**

**CHARLES E. NICHOLS, JR.,
BRIDGET B. NICHOLS,**          **DEFENDANTS/
and TECHSTYLE, INC.**          **COUNTER-CLAIMANTS**

## MEMORANDUM OPINION

This cause comes before the Court on the defendant's Motion for Partial Summary Judgment [148-1]. The Court has reviewed the briefs and exhibits and is prepared to rule.

The plaintiff is American Decorative Fabrics, LLC ("ADF"), a foreign corporation engaged in the production and sale of fabrics. The defendants include Charles E. Nichols, Jr., Bridget B. Nichols, and Techstyle, Inc. ("Techstyle"). On November 26, 2003, ADF filed this suit against the defendants raising, among other claims, an action for copyright infringement. In its complaint, ADF requested an injunction to prohibit the defendants from marketing and/or selling certain fabrics which ADF claimed were covered under copyrights held by ADF. ADF also sought damages for copyright infringement.

In the instant motion, the defendants argue that ADF cannot demonstrate that it is the owner of the disputed copyrights and thus, as a matter of law, cannot prove a case for copyright infringement. In fact, the fabrics at issue appear to have been created by a non-party Chinese corporation called Shanghai Orient West Decorative Fabrics Co. ("SOW") and then sold through ADF through an exclusive license. Both ADF and SOW are owned by an individual named David

Li and members of his family. However, ADF concedes that, initially, there was no written document memorializing this licensing agreement, although a written agreement was entered into after the commencement of this litigation.

## ANALYSIS

Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). An issue of material fact is genuine if a reasonable jury could return a verdict for the nonmovant. Anderson v. Liberty Lobby, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). In reviewing the evidence, this Court must draw all reasonable inferences in favor of the nonmoving party, and avoid credibility determinations and weighing of the evidence. Reeves v. Sanderson Plumbing Prods. Inc., 530 U.S. 133, 120 S.Ct. 2097, 2110, 147 L.Ed.2d 105 (2000). In so doing, the Court must disregard all evidence favorable to the moving party that the jury is not required to believe. Reeves, 120 S.Ct. at 2110.

The parties agree on the fundamental law which governs this motion. First, a plaintiff seeking to establish a claim for copyright infringement must prove (1) ownership of a valid copyright and (2) copying of original constituent elements of the copyrighted work. Feist Publ'ns. Inc. v. Rural Tel. Serv. Co., 499 U.S. 340, 361 (1991). The "ownership" requirement permits two types of claimants to sue for infringement: (1) the actual owner of the copyright or (2) persons who have been granted exclusive licenses to the copyrighted material. Eden Toys, Inc. v. Florelee Undergarment Co., 697 F.2d 27, 32 (2d Cir. 1982). Although the pre-1978 Copyright Act permitted a copyright

owner to grant such an exclusive license either orally or by contract, the motion recent amendment to the Act requires such an exclusive license to be in writing in order to be valid. See 17 U.S.C. § 204(a).

Several facts are undisputed. First, SOW and not ADF is the creator and owner of the copyrighted fabrics in question. Second, prior to January 2, 2006, the only licensing agreement between SOW and ADF was a verbal contract. Third, on January 2, 2006, SOW and ADF entered into a written licensing agreement which purports to retroactively grant ADF an exclusive license on all copyrighted material created by SOW from 1997 to the present. Thus, the only question before the Court is whether such an agreement, dated long after the start of the instant litigation, can vest in ADF standing to bring the instant copyright infringement claims.

The defendants argue persuasively that it cannot. Although there appears to be no Fifth Circuit precedent directly on point,[1] the defendants do direct the Court to Seastrunk v. Darwell Integrated Technology, Inc., 2005 WL 1667811 (N.D. Tex. July 15, 2005). There, Judge Fish of the Northern District of Texas noted the following:

> According to the federal Copyright Act, "[t]he legal or beneficial owner of an exclusive right under a copyright is entitled, subject to the requirements of section 411, to institute an action for any infringement of that particular right committed while he or she is the owner of it." 17 U.S.C. § 501(b). The Copyright Act lists the following exclusive rights of the owner of a copyright:
>
> (1)   to reproduce the copyrighted work in copies or phonorecords;
>
> (2)   to prepare derivative works based upon the copyrighted work;

---

[1] While ADF cites Lyrick Studios, Inc. v. Big Idea Productions, Inc., 420 F.3d 388, 392 (5th Cir. 2005) for the general principle that § 204(b) of the Copyright Act exists to protect copyright holders from persons falsely claiming oral licenses, that case does not speak to the question at issue here.

3

>    (3)    to distribute copies or phonorecords of the copyrighted work to the public by sale or other transfer of ownership, or by rental, lease, or lending;
>
>    (4)    in the case of literary, musical, dramatic, and choreographic works, pantomimes, and motion pictures and other audiovisual works, to perform the copyrighted work publicly;
>
>    (5)    in the case of literary, musical, dramatic, and choreographic works, pantomimes, and pictorial, graphic, or sculptural works, including the individual images of a motion picture or other audiovisual work, to display the copyrighted work publicly; and
>
>    (6)    in the case of sound recordings, to perform the copyrighted work publicly by means of a digital audio transmission.

Seastrunk, 2005 WL 1667811, *3 (quoting 17 U.S.C. §§ 501(b) and 106).

Judge Fish reasoned that since the right to sue for a previously accrued infringement claim was not among the enumerated rights, an exclusive licensing agreement could not confer the right to sue for such a previously accrued claim unless such a right is expressly included in the agreement. Id. Absent such an assignment of a right to ownership of preexisting claims, the assignee will not be able to prosecute them. Id. (quoting ABKCO Music, Inc. v. Harrisongs Music, Ltd., 944 F.2d 971, 980 (2d Cir. 1991)). Judge Fish also compared the facts of the case then before him to other cases in which courts found standing to prosecute accrued infringement claims because such a right *was* expressly included in the assignment. Id.; See also Sabroso Publishing, Inc. v. Caiman Records American, Inc., 141 F.Supp.2d 224, 227-28 (D.P.R. 2001); Godinger Silver Art Company, Ltd. V. International Silver Company, 1995 WL 702357 (S.D.N.Y. Nov. 28, 1995).

On the other hand, ADF cites several cases from numerous circuits which hold that the "written assignment" requirement of § 204(b) exists only to protect copyright holders from persons mistakenly or fraudulently claiming an oral license and that lack of a written agreement should not

4

be available as a defense to copyright infringement claims where the copyright holder and the assignee are in agreement. See generally Eden Toys, Inc. v. Florelee Undergarment Co., Inc., 607 F.2d 27, 36 (2d Cir. 1992); Billy-Bob Teeth, Inc. v. Novelty, Inc., 329 F.3d 586, 591 (7th Cir. 2003); Magnuson v. Video Yesteryear, 85 F.3d 1424, 1429 (9th Cir. 1996); Imperial Residential Design, Inc. v. Palms Dev. Group, Inc., 70 F.3d 96, 99 (11th Cir. 1995).

It appears to this Court that a clear majority of the circuits which have considered this issue have come to the same conclusion: 17 U.S.C. § 204(b) exists to clarify contractual relationships between copyright holders and assignees, and a third party accused of copyright infringement may not attack the standing of the assignee to litigate infringement claims simply because the assignment agreement itself did not exist prior to the alleged infringement. As such, the Court respectfully declines to follow Judge Fish's analysis from Seastrunk and instead joins with the majority of circuits which would appear to support the plaintiff's position.

ACCORDINGLY, the defendants' motion for partial summary judgment is DENIED. A separate order to that effect shall issue this day.

This is the 16th day of May, 2006.

            **/s/ Michael P. Mills**
            **UNITED STATES DISTRICT JUDGE**